O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

INTERNATIONAL FRUIT GENETICS,
LLC,

               Plaintiff,

     v.

P.E.R. ASSET MANAGEMENT
TRUST; PIETER EDUARD
RETIEF REDELINGHUYS N.O., in his
capacity as trustee for the time being of the
P.E.R. ASSET MANAGEMENT TRUST;
and DEBORAH MARY
REDELINGHUYS N.O., in her capacity as
trustee for the time being of the P.E.R.
ASSET MANAGEMENT TRUST,

               Defendants.

Case No. 2:14-cv-05273-ODW-MRW

ORDER DENYING DEFENDANTS'
MOTION FOR
RECONSIDERATION [77]

## I.  INTRODUCTION

Pending before the Court is Defendants' Pieter Redelinghuys, Deborah Redelinghuys, and P.E.R. Asset Management Trust (collectively, "Defendants") Motion for Reconsideration. (ECF No. 77.) On April 20, 2016, the Court GRANTED Plaintiff International Fruit Genetics, LLC ("IFG") Motion for Summary Judgment

and DENIED Defendants' Partial Motion for Summary Judgment ("Order").  (ECF No. 73.)  After careful consideration of the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7–15.  For the reasons discussed below, Defendants' Motion is **DENIED**.

## II.   BACKGROUND

Until recently, Defendants were an approved licensee of IFG for certain table grape plant varieties in South Africa.  This case arises from Defendants' theft, illegal importation, and excessive-propagation of IFG's proprietary plant materials, in violation of the parties' licensing agreements.  The Court found that, though their actions, Defendants breached the plain language of the licensing agreements and that IFG validly terminated the agreements.  (ECF No. 73.)

On April 29, 2016, Defendants filed the instant Motion for Reconsideration.  (ECF No. 77.)  IFG filed an opposition on May 13, 2016.  (ECF No. 78.)  In essence, Defendants contend that the Court failed to consider whether parties modified the agreements by course of conduct and whether IFG had a duty to act in good faith when rejecting Defendants' cure.

## III.   LEGAL STANDARD

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted).  "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).  Furthermore, a motion "may not be used to raise arguments or present

evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880 (internal quotation marks omitted).

Pursuant to Local Rule 7–18, a motion for reconsideration may be made only on the grounds of

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.  No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

## IV.   DISCUSSION

Defendants' request that the Court reconsider its Order because they claim that the Court did not consider two material facts: (1)  that the Testing, Planting, and Marketing Agreements (the "Agreements") between the parties were modified by a course of conduct between the parties over a number of years and (2) that, with respect to the illegal importation of Sugar Crisp, IFG had a duty to act in good faith and as a reasonable person when evaluating and rejecting Defendants' cure.  (Mot. 2.) As discussed below, this is simply not the case.

### A.   COURSE OF CONDUCT

Here Defendants allege, as they did in their Motion for Partial Summary Judgment, that because the agreements were modified by a course of conduct between the parties, IFG improperly terminated the agreements.  (*Id*. 5.)

As the Supreme Court of California has held, where the subsequent conduct of parties is inconsistent with and clearly contrary to provisions of the written agreement, the parties' modification setting aside the written provisions *may* be implied. *Garrison v. Edward Brown & Sons*, 25 Cal. 2d 473, 479 (1944) ("Before a contract modifying a written contract can be implied, the conduct of the parties according to the findings of the trial court must be inconsistent with the written contract so as to warrant the conclusion that the parties intended to modify the written contract"); *see also Wagner v. Glendale Adventist Medical Center*, 216 Cal. App. 3d 1379, 1388 (1989) (a written contract may be modified by contrary oral representations or conduct inducing reliance thereon by the other party).

Ordinarily, a 'course of dealing' or 'course of performance' analysis focuses on the actions of the parties with respect to a particular issue.  *See Morgan Labs. Inc. v. Micro Data Base Sys.*, Inc., No. C96-3998 TEH, 1997 WL 258886, at *3 (N.D. Cal. Jan. 22, 1997) (internal quotations and citation omitted).  Here, the course of performance analysis is based on Defendants' excessive propagation of certain IFG plant material.

In its Order, the Court specifically considered the parties' course of conduct in its waiver and estoppel analysis.  (Order Granting IFG's Mot. for Summ. J. and Denying Defs' Partial Mot. for Summ. J. ("Order") 12–15.)  Without explicitly mentioning the term "course of conduct," the Court found that the actions of the parties were insufficient to modify the agreement, as IFG had no intent of doing so. (*Id.*)  As the Court explained, Defendants did not present any facts to prove that IFG freely and knowingly gave up its right to have certain provisions of the agreements enforced.  (*Id.* 13.)   For example, Defendants claim that by accepting royalty payments, IFG was aware of the larger than authorized propagation.  (*Id.* 14) Defendants, however, did not present evidence of royalties paid or accepted beyond what was allowed under the contract.  (*Id.*)  Therefore, there is no evidence to show

that IFG knew about any excessive propagation until it performed a routine inspection of Defendants' property, let alone that it intended to modify the Agreements reflecting as such.

In addition, Sections 14.2 and 14.3 of the Testing Agreement expressly provide that the failure to exercise any right under the Agreement shall not constitute a waiver of such a right, as any waiver must be in a signed writing.  (Marcos Decl., Ex. A, Testing Agreement § 7, ECF No. 58-2.)  Here, no such signed writing exists.

Lastly, Defendants failed to prove reasonable reliance.  (Order 14.)  When IFG learned of the discrepancies in May 2013, it informed Defendants that this excessive propagation was unauthorized and that they need to follow the letter of the contract.  (Marcos Depo. 197:15–202:11, Scott Dec'l, Ex. D.)  There is no evidence prior to May 2013 that IFG was aware of the excessive propagation.

As demonstrated, the Court clearly considered whether the parties' course of conduct modified the agreements regarding excessive propagation.

**B.    GOOD FAITH**

With respect to the illegal importation of the Sugar Crisp, Defendants argue: (1) that the Court failed to consider that IFG had a duty to act in good faith when rejecting Defendants' cure and (2) that several of Defendants' counterclaims, including one for breach of the implied covenant of good faith and fair dealing, are still pending.

First, Defendants allege that the undisputed facts demonstrate that they promptly cured the breach, and, as such, IFG had a duty to act in good faith when evaluating Defendants' cure.  *See Ladd v. Warner Bros. Entm't, Inc*., 184 Cal. App. 4th 1298, 1307 (2010) ("[W]here one party is invested with a discretionary power affecting the rights of another [] such power must be exercised in good faith'") *citing Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc*., 2 Cal. 4th 342, 372 (1992); *Call v. Alcan Pac. Co*., 251 Cal. App. 2d 442, 447 (1967).

Based on Defendants' illegal importation of the Sugar Crisp, IFG had the right, pursuant to Section 10.1(c) and (g), Exhibit F of the Testing Agreement (prohibiting Licensee from violating its obligations under the Agreements and infringing IFG's plant variety rights), to declare an "Event of Default" and terminate the Testing Agreement immediately. (Testing Agreement, § 11.2.) In addition, Section 10.1(c), Exhibit F provides that any failure under the Agreements should not be considered an "Event of Default" if, in the opinion of IFG, the failure has been remedied or cured within fifteen days.

On May 19, 2014, IFG informed Defendants that it was prepared to declare such default unless Defendants and IFG could "agree to a global resolution of all issues" and if Defendants destroyed the Sugar Crisp plants and notified the South African authorities of the illegal importation. (Marcos Dec'l, Ex. D.) Defendants destroyed the Sugar Crisp the very next day. They failed, however, to inform the South African authorities of the importation, so IFG took it upon themselves to do so. (*Id.* ¶ 22.) After learning of Defendants' theft, illegal importation, and propagation of the Sugar Crisp, and determining that they could no longer be trusted to abide by the terms of the Licensing Agreements, IFG decided to terminate the Licensing Agreements. (*Id.* ¶ 23.)

Based on a thorough investigation of the undisputed facts, a good faith analysis was subsumed in this Court's conclusion that IFG validly terminate the Agreements. The Court weighed all of the evidence in support of and in opposition to both of the parties' Motions for Summary judgment, and once the Court found that IFG validly terminated the Agreements, the Court did not find it necessary to specifically address Defendants' remaining claims, as they were clearly determined and denied.

///

///

6

## V.    CONCLUSION

Because the Court demonstrated that it considered all of the facts in support of and in opposition to the parties' Motions for Summary Judgment, the Court **DENIES** Defendants' Motion for Reconsideration in its entirety.  (ECF No. 77.)

**IT IS SO ORDERED.**

July 22, 2012

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE