O

# United States District Court
# Central District of California

| | |
|---|---|
| INTERNATIONAL FRUIT GENETICS, LLC, <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>P.E.R. ASSET MANAGEMENT TRUST, PIETER EDUARD RETIEF REDELINGHUYS N.O., IN HIS CAPACITY AS TRUSTEE FOR THE TIME BEING OF THE P.E.R. ASSET MANAGEMENT TRUST, and DEBORAH MARY REDELINGHUYS N.O., IN HER CAPACITY AS TRUSTEE FOR THE TIME BEING OF THE P.E.R. ASSET MANAGEMENT TRUST, <br><br>　　　　　Defendants. | Case No. 2:14-cv-05273-ODW-MRW <br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES [88]** |
| PIETER EDUARD RETIEF REDELINGHUYS N.O., IN HIS CAPACITY AS TRUSTEE FOR THE TIME BEING OF THE P.E.R. ASSET MANAGEMENT TRUST, <br><br>　　　　　Counter-Claimant, <br>　　v. <br><br>INTERNATIONAL FRUIT GENETICS, | |

LLC, and ROES 1 through 10, inclusive,

Counter-Defendant.

## I. INTRODUCTION

Plaintiff's request for attorneys' fees stems from a dispute regarding licensing of proprietary plant material.[1] (ECF No. 88.) Plaintiff/Counter-Defendant International Fruit Genetics, LLC ("IFG") seeks $687,004.75 in attorneys' fees incurred throughout the course of this litigation. (Reply 12, ECF No. 94.)

Plaintiff filed its initial Complaint on July 8, 2014, and, over two years later, this Court issued a judgment in Plaintiff's favor and order of permanent injunction against Defendants/Counter-Claimants Pieter Eduard Retief Redelinghuys and Deborah Mary Redelinghuys on July 25, 2016. The judgment entitles Plaintiff to recover its costs and attorneys' fees to the extent permitted by law. Provisions within the three licensing agreements at issue in this case also authorize an award of attorneys' fees and costs to the prevailing party. (Motion for Attys' Fees ("Mot"), Exs. A–C, ECF No. 88.)

For the following reasons, the Court **GRANTS** Plaintiff's Motion for Attorneys' Fees and **AWARDS** Plaintiff **$684,358.75** in attorneys' fees.

## II. LEGAL STANDARD

Federal courts apply state law in interpreting and enforcing fee shifting agreements such as licensing agreement provisions providing for attorneys' fees. *See Ford v. Baroff*, 105 F.3d 438, 442 (9th Cir. 1997). California law provides two separate frameworks governing fee shifting agreements. California Code of Civil Procedure § 1021 provides that, except where otherwise specified by statute, parties

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

2

are free to enter their own agreements regarding payment of fees. Similarly, a prevailing party may ordinarily recover costs, and parties may contractually designate fees as recoverable costs. §§ 1021, 1032(b), 1033.5(a)(10). In sum, "[p]arties may validly agree that the prevailing party will be awarded attorney fees incurred in any litigation between themselves, whether such litigation sounds in tort or in contract." *Santisas v. Goodin*, 17 Cal. 4th 599, 608 (Cal. 1998) (quoting *Xuereb v. Marcus & Millichap, Inc.*, 3 Cal. App. 4th 1338, 1341 (Cal. Ct. App. 1992)).

Where the contract at issue provides specific provisions for attorneys' fees and costs, California Civil Code § 1717 builds on the general framework provided by the Code of Civil Procedure. *Santisas*, 951 P.2d at 407 (citing § 1717(a)). In order to recover attorneys' fees under Section 1717, the party must show: (1) the agreement specifically provides for the award of attorneys' fees; (2) the party is the prevailing party; and (3) that the attorneys' fees request is reasonable. *See Caldwell v. Wells Fargo Bank, N.A.*, No. 13-cv-01344-LHK, 2014 WL 789083, at *3 (N.D. Cal. 2014).

### III. DISCUSSION

Defendants do not dispute that the licensing agreements specifically provide for the award of attorneys' fees or that IFG is the prevailing party. (*See* Def. Opp'n 1-2.) Instead, Defendants argue that the requested award of attorneys' fees should be reduced because: (1) the computed amount includes "block-billed" fees; (2) some of the fees sought are unripe because they are related to Defendants' appeal; (3) some of the fees sought are unrecoverable because they were incurred by IFG's President, Jay Behmke; (4) there should be a reduction in fees for travel time billed; (5) some of the fees sought in the Motion for Attorneys' Fees are "double-counted" because they were also listed in Plaintiff's Application to Tax Costs; and finally (6) there is no evidence to support some of the fees sought.[2] (Def. Opp'n 1-2.)

---

[2] Defendants also urge this Court to deny Plaintiff's Motion based on a failure to meet and confer prior to filing the Motion. (Def Opp'n 1.) Having considered Plaintiff's Reply detailing the communication between the parties prior to filing post-judgment motions on both sides, the Court

3

1    On the whole, the Court disagrees with Defendants' arguments and finds for
2 Plaintiff. However, a discrepancy on IFG's attorney billing statements regarding
3 unripe fees related to Defendants' appeal requires that the Court reduce the overall
4 award to IFG accordingly.

### A.    BLOCK-BILLING OF FEES

Defendants argue that this Court should reduce the amount of attorneys' fees awarded to IFG because of IFG's practice of "block-billing" fees. While Defendants cite *Bell v. Vista School District*, 82 Cal. App. 4th 672, 689 (2000) and *Christian Research Institute v. Alnor*, 165 Cal. App. 4th 1315, 1325 (2008) as support for the assertion that block-billing is unreasonable in calculating attorneys' fees, they misstate the holdings of these cases. The *Christian Research Institute* Court states, to the contrary, that block-billing is *not* per se unreasonable in computing attorneys' fees, but that it can exacerbate underlying vagueness in a fee request. *See also Bell*, 82 Cal. App. 4th at 689 (finding block-billing impermissible only where it made it impossible to distinguish between tasks for which fees could be recovered and those for which fees could not be recovered).

Having reviewed the schedules of fees included as Exhibits in Plaintiff's Motion, this Court finds no pervasive vagueness in the billing or a blending of permissible and impermissible fees within the block-billed portions. (*See* Declaration of Richard O'Hare ("O'Hare Decl."), Ex. E, ECF No. 88.) As such, the Court rejects Defendants' block-billing arguments.

### B.    UNRIPE FEES RELATED TO PENDING APPEAL

As Plaintiff acknowledges, some of the fees initially listed in the Motion are not ripe because they were incurred in connection with Defendant's pending appeal in this

---

declines to deny the Motion on the suggested grounds. Similarly, this Court declines to exercise its discretion to stay its decision regarding the Motion for Attorneys' Fees due to Defendants' pending appeal. The Court has already concluded that Plaintiff is the prevailing party and is entitled to recover its attorneys' fees. (ECF No. 82.) No further proceedings are needed to determine Plaintiff's entitlement to attorneys' fees, and staying this motion will not conserve judicial resources.

case. (Reply 11.) Defendants' and Plaintiff's filings agree that $1,988.75 of the amount initially claimed in Plaintiff's Motion should be withdrawn and deemed unripe. (*Id.*; Opp'n 10.) However, the Court has reviewed Exhibit E of Richard O'Hare's Declaration, which details the attorneys' fees billed to IFG, and determines that two additional entries, not noted by Defendants or Plaintiff, appear to be fees for appellate work. (O'Hare Decl., Ex. E, ECF No. 88.) In their Opposition, Defendants note the following entries as being related to appellate work:

| **Attorney Name** | **Hours Billed Related to Appellate Work** | **Date(s)** |
|---|---|---|
| Richard O'Hare | 2.9 | July 27, 2016 |
| John B. Dawson | 1.55 | July 27-29, 2016 |
| Kimberly Corcoran | 0.9 | July 27, 2016 |

(*See* Opp'n 10; O'Hare Decl. 136.)

Yet the Court finds that two additional entries, for 3.9 hours billed by Richard O'Hare on July 28, 2016, for "Teleconference with G. Alexander and E. Totino regarding motion for stay; Research regarding grounds for motion to stay pending appeal; Communication with client," and 4.5 hours billed by Mr. O'Hare on July 29, 2016, for "Continued research and begin draft of opposition to motion for stay pending appeal," are appellate related. (O'Hare Decl. 136.) As such, the amount of those fees should also be withdrawn from the total to be awarded. Mr. O'Hare's stated hourly rate during July 2016 was $350 per hour. (O'Hare Decl. 5.) Thus, the overall award of fees is reduced by that amount times 8.4 hours, less 10% (reflecting

the discount already applied to the total attorneys' fees billed to IGF),[3] totaling a reduction of $2,646.00. (*See id.* 136.)

## C. FEES INCURRED BY IFG'S PRESIDENT, JAY BEHMKE

The Court disagrees with Defendants' contention that a prevailing party cannot recover fees incurred by its own employee acting in a legal capacity, such as a general counsel or President. (Def. Opp'n 11.) *Turner v. Secretary of the Air Force*, which Defendants cite as support here, actually allows for the recovery of attorneys' fees where the billing lawyer was general counsel for the prevailing party. 944 F.2d 804, 808 (11th Cir. 1991). *Turner* merely stands for the rule that the awarded fees must go to the prevailing party, and not paid directly to the lawyer representing that party, as is the case in all awards of attorneys' fees. *Id.* at 808. Fees billed by a lawyer in Mr. Behmke's position are thus recoverable by the prevailing party. Therefore, the Court declines to reduce the fees on these grounds.

## D. FEES FOR TRAVEL TIME

Travel time is generally compensable. *See Zuniga v. W. Apartments*, No. CV 13-04637-JFW, 2014 WL 6655997, at *4 (C.D. Cal. Nov. 24, 2014) (travel time usually compensatory unless the use of out-of-town attorneys was unnecessary or unreasonable). Here the Court is satisfied that the retention of a Santa Rosa firm specializing in representation of grapevine nurseries and grape development companies was necessary, and therefore fees related to the firm's travel are recoverable. (*See* Reply 10.)

## E. "DOUBLE-COUNTED" FEES ALLEGEDLY ALSO LISTED IN APPLICATION TO TAX COSTS

Having reviewed the records of costs and fees submitted, the Court finds that Plaintiffs did not "double-count" costs in both the Motion for Attorneys' Fees and the

---

[3] Plaintiff's attorneys' general practice in billing for this litigation was to discount fees by 10%. (Mot. 9.) This is reflected in the invoices for attorneys' fees. (*See generally* O'Hare Decl., Ex. E.) The fees related to appellate work, included on invoice # 63846 dated August 8, 2016, were reduced by a 10% discount, so the amount to be withdrawn is accordingly reduced. (*See id.* 136.)

6

Application to Tax Costs. (*See* O'Hare Decl., Ex. E; ECF No. 87.) Some of the costs listed on the Application to Tax Costs are merely repeated on the invoices used to support the amount requested in Plaintiffs' Motion for Attorneys' Fees, but they are not included in the calculation of the amount of fees requested.

## F. EVIDENTIARY SUPPORT FOR FEES SOUGHT

The Court accepts Plaintiff's Supplemental Declaration of Richard O'Hare, submitted with its Reply, as sufficient proof that the challenged entry lacking evidentiary support does, in fact, reflect compensable work done in the course of this litigation. (Supp. O'Hare Decl. ¶¶ 6–7, ECF No. 94.)

## IV. CONCLUSION

As the prevailing party in the underlying action, IFG has a right to attorneys' fees under both California Civil Code § 1717 and the terms of the parties' licensing agreement. (*See* Mot. Ex. A—C.)

After reviewing the records submitted, the Court finds that the amount requested is a reasonable and, minus a slight reduction for appellate work, an accurate reflection of the legal services expended in this matter.

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion for Attorneys' Fees and **AWARDS $684,358.75** for attorneys' fees to Plaintiff International Fruit Genetics, LLC, and against Defendants P.E.R. Asset Management Trust, Pieter Eduard Retief Redelinghuys N.O., in His Capacity as Trustee for the Time Being of the P.E.R. Asset Management Trust, and Deborah Mary Redelinghuys N.O., in Her Capacity as Trustee for the Time Being of the P.E.R. Asset Management Trust. (ECF No. 88.)

**IT IS SO ORDERED.**

September 16, 2016

                                             **OTIS D. WRIGHT, II**
                                        **UNITED STATES DISTRICT JUDGE**